UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CASE NUMBER: 12-20272
                                          HONORABLE VICTORIA A. ROBERTS

v.

D-1 SACHIN SHARMA,

        Defendant.
_____/

## ORDER

On June 7, 2012, at the Government's request, the Court held an *ex parte*, *in camera* hearing pursuant to *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966) (*"Nebbia* hearing") to determine the source of the money and property proposed to secure Defendant Sachin Sharma's release from jail on bond pending trial. The Court requested that Sharma provide supporting documents and affidavits prior to the hearing. Sharma provided the requested materials and after careful review the Court satisfied itself that the money and property pledged were lawfully obtained. At the hearing, the Court notified Sharma that it was satisfied with his *Nebbia* showing.

However, two days prior to the *Nebbia* hearing, the Government filed a Notice of Supplemental Information Relating to the Flight Risk of Defendant. (Doc. # 59). The Court addressed this filing with Sharma at the hearing, asking him to file a Response. Sharma responded on June 11, 2012. (Doc. # 61). Both parties replied. (Doc. #s 62, 63).

The Government's supplemental filing largely reiterates issues raised at

1

Sharma's May 15, 2012 detention hearing. On May 15, 2012, the Government represented that Sharma misappropriated identification information in furtherance of the alleged conspiracy, and could (and would be willing to) use that information to create false identification documents and flee the Country if released on bond. (5/15/12 Tr. 15-17). The recent filing states that Sharma misappropriated the identity of a close friend, Naveen Sharma ("Naveen") in connection with one of the home health care companies at the center of the indictment. Naveen is listed as one of the owners of Reliance Home Health Care, Inc. ("Reliance"). Naveen told law enforcement agents that he has never been involved in any of Sharma's home health care businesses, had not heard of Reliance prior to the press release reporting Sharma's arrest, and did not give Sharma permission to use his personal information in connection with Reliance. The Government says, "The additional information from Naveen sheds light on both Sharma's access to private information and his willingness to use that information to forge documents to serve his own interests." (Doc. #59 at 5).

In response, Sharma provides the Court with Emails between himself and Naveen that contradict what Naveen told the Government. Those emails reveal: (1) Naveen communicated to Sharma in 2008 about a bank account the two opened in Michigan for a new home health care company they shared (Doc. # 61-2, Exhibit One); (2) in April 2010 Naveen wanted to work for Reliance or another one of Sharma's businesses (Doc. #61-3, Exhibit Two); (3) Naveen was looking for work and help with his immigration status after being fired from IBM for receiving bribes and/or kickbacks (Doc. # 61-4, Exhibit Three); (4) Naveen received a "Green Card" and obtained lawful permanent resident status in November 2010 (Doc. # 61-5, Exhibit Four); but (5) he

continued to contact Sharma in early 2011 about a "solid business opportunity." (Doc. # 61-6, Exhibit Five).

Sharma's Response and Exhibits demonstrate that Naveen may not have been entirely truthful in his representations to the Government; the Emails suggest he is a willing participant in Sharma's home health care ventures. Importantly, he was well aware of Reliance prior to Sharma's arrest and was actively and willingly pursuing home health care and other business opportunities with Sharma prior to that arrest. In Exhibit One, Naveen requests that Sharma send him the partnership deed for a company for which he and Sharma opened a bank account so that he could sign it. (Doc. # 61-2).

Moreover, the Court already heard and addressed the Government's arguments related to Sharma's access to other peoples' identities as a result of the alleged conspiracy, and his ability and willingness to create false identification documents. The Court set bond conditions, including placing Sharma on a tether with electronic monitoring, with these arguments in mind. (*See* 5/15/12 Tr. 26-28). After reviewing the Exhibits provided by Sharma, the Court is not convinced that Sharma would take advantage of and harm his loved ones, including his brother and father who are offering to pledge significant amounts of money and property to ensure Sharma's appearance at trial.

The Court finds that the Government has not shown by a preponderance of the evidence that the release conditions set will not reasonably assure Sharma's appearance as required. See 18 U.S.C. § 3142(c). The Court will release Sharma pending trial after he posts a $400,000 cash bond and his brother and sister-in law execute an Agreement to Forfeit their New Jersey residence. The Court imposes the

3

additional release conditions set forth at the May 15, 2012 detention hearing. (5/15/12 Tr. 26-28).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 21, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record, and Demetrius Hardy by electronic means or U.S. Mail on June 21, 2012.

s/Carol A. Pinegar
Deputy Clerk