UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

D-1   SACHIN SHARMA,

           Defendant.
_____/

Criminal No. 12-20272
Honorable Denise Page Hood

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, through Barbara L. McQuade, United States Attorney, and Julie A. Beck, Assistant United States Attorney, with Defendant Sachin Sharma, through Robert M. Morgan, Esq., enter into this Stipulated Preliminary Order of Forfeiture based on the following terms:

On May 3, 2013, Defendant pled guilty to Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, as charged in Count 1 of the First Superseding Indictment; and to Tax Evasion, in violation of 26 U.S.C. § 7201, as charged in Count 9. The First Superseding Indictment contained forfeiture allegations.

The Rule 11 Plea Agreement included criminal forfeiture of all property, real or personal, constituting, or derived from, gross proceeds obtained, directly or indirectly, as a result of such violation, pursuant to 18 U.S.C. §§ 982(a)(7).

Defendant additionally agreed to imposition of a money judgment in the amount of Nineteen Million Seven Hundred Eighty-Two Thousand Four Hundred Thirty-One Dollars and Seventy-One Cents ($19,782,431.71), which sum represents the total value of the property subject to forfeiture.

Defendant agreed to consent to the entry of orders of forfeiture, and further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

In entering into his Rule 11 with respect to forfeiture, Defendant further agreed to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Rule 11 on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

In entering into his Rule 11 with respect to forfeiture, Defendant agreed that the forfeiture provisions of his plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after

the execution of the agreement. The forfeitability of any particular property pursuant to the Rule 11 shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

Federal Rule of Criminal Procedure 32.2(b)(2)(A) and (B) provide that the Court must enter a preliminary order of forfeiture directing the forfeiture of specific property that it finds is subject to forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications, before the order becomes final as to the defendant under Rule 32.2(b)(4), unless doing so is impractical.

Defendant is scheduled to be sentenced on July 28, 2016.

There is a related civil forfeiture case, *United States v. $337,328.63, et al.,* Case No. 12-14787, the Honorable Denise Page Hood, presiding, which can be resolved upon entry of this Stipulated Order and the Judgment and Commitment Order by a dismissal.

The government agrees to return three watches, which are part of the asset description "Miscellaneous Jewelry Valued at $80,185.00, Asset ID No. 12-FBI-005063," described as:

3

(1) Item 38: Two men's round case titan gold-filled watches; and

(2) Item 51: One Men's Rolex Daytona oyster perpetual cosmograph watch,

hereafter "Subject Watches."

Defendant agrees to withdraw his administrative claims and forfeit his interest in the following property:

(1)  $337,328.63 seized from Flagstar Bank account #XXXX2830;

(2)  $25,767.76 seized from Flagstar Bank account #XXXX6190;

(3)  $54.26 seized from Central Macomb Community Credit Union account #XXXX3717;

(4)  $1,741.08 seized from Central Macomb Community Credit Union account #XXXX5383;

(5)  $12.22 seized from Central Macomb Community Credit Union account #XXXX1422;

(6)  $45,126,55 seized from Central Macomb Community Credit Union account #XXXX7621;

(7)  $6,705.15 seized from Central Macomb Community Credit Union account #XXXX53821;

(8)  $3,884.51 seized from Pension Financial Services account #XXXX6732;

(9)  $386.44 seized from Central Macomb Community Credit Union account #XXXX2603;

(10) $6,835.53 from Central Macomb Community Credit Union account #5945;

(11) $3,514.12 from Central Macomb Community Credit Union account #XXXX4618;

(12) $908.02 from Central Macomb Community Credit Union account #7087;

(13) $14,805.91 from Flagstar Bank account #XXXX2848;

(14) $4,761 in United States Currency seized pursuant to a search warrant; and

(15) Miscellaneous jewelry valued at $80,185, seized pursuant to a search warrant, with the exception of Items 38 and 51 as described above (Subject Watches);

hereafter described as "Subject Property."

The parties agree that the value of the Subject Property, once liquidated, shall offset the forfeiture money judgment imposed.

The parties further agree that forfeiture shall be made part of the Judgment and Commitment Order as required by Fed.R.Cr.P. 32.2.

NOW THEREFORE, based upon Defendant's acknowledgment of civil and criminal forfeiture proceedings against the Subject Property, the Rule 11 Plea Agreement and guilty plea, and the information in the record,

IT IS HEREBY ORDERED that the Subject Property IS HEREBY FORFEITED to the United States for disposition in accordance with the law; and

any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

IT IS FURTHER ORDERED THAT a money judgment in the amount of Nineteen Million Seven Hundred Eighty-Two Thousand Four Hundred Thirty-One Dollars and Seventy-One Cents ($19,782,431.71), is hereby entered against Defendant in favor of the United States of America;

IT IS FURTHER ORDERED the United States is hereby authorized, pursuant to Federal Rules of Criminal Procedure 32.2(c), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of the Subject Property, to seize any forfeitable assets identified herein which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

IT IS FURTHER ORDERED that upon entry of this order, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject

Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must identify petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

IT IS FURTHER ORDERED that the United States shall file a petition for remission or restoration request with the Asset Forfeiture and Money Laundering Section ("AFMLS") requesting that AFMLS apply any funds forfeited to the United States in this case to the restitution ordered by the Court. It is within the sole discretion of AFMLS to grant or deny the request to apply the forfeited funds to the restitution ordered in this case, and this Order does not bind AFMLS to grant the petition for remission or restoration request that is filed. The petition for remission or restoration request will be filed only after any and all properly filed third party claims to the forfeitable property are adjudicated or otherwise resolved.

The Government shall not seek to enforce its money judgment beyond the restitution amount, as determined by the Court.

IT IS FURTHER ORDERED that the government shall return the three men's watches described above to counsel for Defendant as agreed by the parties and facilitated by the United States Marshal Service.

IT IS FURTHER ORDERED that any right, title or interest of Defendant and his successors and assigns, is hereby extinguished and that clear title to the Subject Property shall hereby be vested in the United States of America, and the United States Marshal's Service, or its delegatee, is authorized to dispose of the Subject Property according to law.

The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Approved as to form and substance:

BARBARA L. MCQUADE
United States Attorney

_____
Julie A. Beck
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov

Dated: 7/26/16

_____
Robert M. Morgan
Counsel for Defendant
615 Griswold, Suite 1125
Detroit, MI 48226
(313) 961-7070
morgancrdefense@ameritech.net

Dated: 7/28/16

_____
Sachin Sharma, Defendant

Dated: 7/28/2016

\* \* \* \* \* \* \* \* \* \* \* \*

**IT IS SO ORDERED.**

Dated:

_____
HONORABLE DENISE PAGE HOOD
United States District Judge

9